# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:16-cr-00030-JAD-CWH |
| Plaintiff/respondent | **Order Directing Response and Setting Briefing Schedule** |
| v. | |
| Rafael Cruz-Rodriguez, | |
| Defendant/petitioner | |

Federal prison inmate Rafael Cruz-Rodriguez pled guilty to one count of conspiracy to distribute and possess with intent to distribute, and I sentenced him to 33 months of imprisonment.[1] He moves to correct his sentence under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective because she didn't realize that he was in federal pre-trial detention under a writ of habeas corpus ad prosequendum and therefore not entitled to time-served credit against his federal sentence. I find that Scott's petition warrants a response, so I issue a briefing schedule.

## Background

In September 2015, the North Las Vegas Police Department arrested Cruz-Rodriguez on suspicion of acting as a runner for a drug-trafficking organization.[2] Before state-court proceedings were initiated, the United States filed a criminal complaint against Cruz-Rodriguez and his co-conspirators[3] and successfully petitioned for a writ of habeas corpus ad prosequendum.[4] Cruz-Rodriguez was transferred from state custody to the U.S. Marshals

---

[1] ECF No. 200.
[2] ECF No. 217 at 1; *see also* ECF No. 220 at 3.
[3] ECF No. 1.
[4] ECF Nos. 7, 16–17.

Service on October 19, 2015, and eventually indicted by a federal grand jury on the conspiracy-to-distribute charge.[5] He decided to plead guilty, and I sentenced him to 33 months on April 18, 2017.[6]

Several weeks later, the State of Nevada charged Cruz-Rodriguez with a drug-trafficking felony offense that appears to stem from the same conduct underlying his federal conviction.[7] He again pled guilty and was sentenced to 12 to 36 months to run concurrent to his federal sentence.[8] The state court also credited Cruz-Rodriguez for 657 days of time served—presumably for the time he spent in federal custody.[9]

In November 2017, almost seven months after I entered judgment on his federal conviction, Cruz-Rodriguez moved for a sentence nunc pro tunc.[10] He argued that the Bureau of Prisons (BOP) erred by not crediting him for the 18 months he spent in federal custody. But Cruz-Rodriguez did not contest the rule that a defendant held in pre-trial detention by federal authorities under a writ of habeas corpus ad prosequendum is "considered to be 'on loan'" from the jurisdiction that originally arrested him and is therefore not entitled to time-served credit against his *federal* sentence.[11] Cruz-Rodriguez instead argued that the probation office's

---

[5] ECF No. 217 at 1; ECF No. 54.
[6] ECF Nos, 196–97, 200.
[7] ECF No. 217-1; ECF No. 220 at 3 ("[B]oth the state case and federal case were related to the drug trafficking organization (DTO) and attendant drugs attributed to Mr. Cruz-Rodriguez, who was a 'drug mule'. The state case arrest and charges were for possession of heroin within the same time period as the charges in the instant federal case and within the same DTO.").
[8] ECF No. 217-1 at 2.
[9] *Id.*
[10] ECF No. 217.
[11] *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991); *see also Dugan v. Clark*, No. CV 00-9374-RC, 2001 WL 113660, at *3 (C.D. Cal. Feb. 2, 2001) (citing *Thomas* and holding

2

presentence report (PSR), which stated that he was "in continuous federal custody," misled him to believe that he was in *exclusive* federal custody.[12] He contended that, if he had understood that he was being held by federal authorities on a writ, he would have requested that I delay sentencing him until after he was sentenced in state court.[13] He then would have sought to have his federal sentence run concurrent to his state sentence, which was credited for the time he spent in pre-trial detention under the writ. He argued that, because the PSR's inaccurate portrayal of his detention status allegedly prevented him from taking these steps, I should order the BOP to credit the time he spent detained under the writ.

The government countered that Cruz-Rodriguez's motion was untimely because, under Federal Rule of Criminal Procedure 35(a), I may correct a sentence only within 14 days of rendering it.[14] At a motion hearing,[15] Cruz-Rodriguez argued that I could nonetheless grant him relief under Rule 36, which permits district courts to correct a clerical error in the judgment "at any time . . . ." But Cruz-Rodriguez sought to substantively amend his sentence—not merely fix a clerical error. And because the Ninth Circuit has held that "the fourteen day provision in Rule 35(a) is jurisdictional,"[16] I denied his motion on the record.

At a subsequent status-check hearing, Cruz-Rodriguez's attorney stated that she had informed Cruz-Rodriguez that he could collaterally attack his federal sentence under § 2255.[17] I

---

that the petitioner was "not entitled to credit against his federal sentence for time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum").

[12] *See* ECF No. 217 at 1.
[13] ECF No. 220 at 4.
[14] ECF No. 219 at 2.
[15] ECF No. 227.
[16] *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011).
[17] ECF No. 229.

confirmed on the record that Cruz-Rodriguez understood that this avenue was available to him, and he eventually filed the pending petition.

## Conclusion

Because it is not evident on the face of the petition that Cruz-Rodriguez's claim is meritless, I find that a government response is warranted.  IT IS THEREFORE ORDERED that the **government must file a response to the petition by October 30, 2018.**  If the government files and serves an answer, it must comply with Rule 5 of the Rules Governing Section 2255 Cases in the United States District Courts.  **Cruz-Rodriguez will then have 10 days from service of the answer to file a reply.**  If the government files a motion, then the briefing schedule in Local Rule 7-2 will apply.

Dated: October 15, 2018

_____
U.S. District Judge Jennifer A. Dorsey